UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00716-JHM

MONTE WATKINS                                                                                           PLAINTIFF

V.

MATRIX ABSENCE MANAGEMENT, INC;
RELIANCE STANDARD LIFE INSURANCE COMPANY;
and INTERNATIONAL ELECTRICAL SERVICE, INC.                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants Matrix Absence Management, Inc. and Reliance Standard Life Insurance Company to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) [DN 6]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Monte Watkins ("Watkins") filed this action in Jefferson County Circuit Court on August 11, 2015, against Defendants Matrix Absence Management, Inc. ("Matrix"), Reliance Standard Life Insurance Company ("Reliance"), and International Electrical Service, Inc. ("IES"), asserting wrongful denial of long-term disability benefits under IES's short- and long-term disability plan, pursuant to 29 U.S.C. § 1132(a)(1)(B).

According to the Complaint, Watkins "was a full-time employee of" IES "for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract underwritten by Defendant Matrix." (Compl. [DN 1-2] ¶ 6.) Per the Complaint, Matrix is the "Plan Administrator" for the Plan, and IES was the party required to pay any sum afforded to Watkins under the Plan. (Id. ¶ 8.) "By virtue of [his] medical impairments, and according to

medical personnel," Watkins asserts that he "is permanently and totally disabled." (Id. ¶ 9.) Watkins applied for both short-term disability ("STD") and long-term disability ("LTD") benefits. (Id. ¶ 10.) According to the Complaint, Matrix approved the STD benefits (and IES paid that benefit), but denied the LTD benefits. (Id.) Matrix, by letter, advised that it denied Watkins's claim for LTD benefits because Watkins "had not reached the minimum 30 hours per week of work requirement of eligibility." (Id.; see id. Ex. 1 – Letter from Angelick B. Thomas, LTD Claims Department, Matrix, to Monte Watkins (June 29, 2015) [DN 1-2] 1–2.) Watkins states in his Complaint that "[w]hen applying and purchasing the wage replacement benefits insurance [he] was not informed that eligibility for wage replacement insurance required that he work 30 hours per week at all times before application." (Compl. [DN 1-2] ¶ 11.) The letter from Matrix noticed Watkins of the right to appeal its denial of benefits:

> You may request a review of this determination by submitting your request in writing to:
> 
> Reliance Standard Life Insurance Company
> Quality Review Unit
> P.O. Box 8330
> Philadelphia, PA 19101-8330
> 
> This written request for review must be submitted within 180 days of receipt of this letter. Your request should state the reasons why you feel this determination is incorrect, and you should include any written comments, documents, records, or other information relating to your claim for benefits, including but not limited to any information submitted in conjunction with any claim for Social Security disability or other benefits which you would like us to consider. Only one review will be allowed, and your request must be submitted within 180 days of your receipt of this letter to be considered.
> 
> Any such review will be conducted by an individual who is neither the individual who made the underlying determination that is the subject of the review, nor the subordinate of such individual. . . .
> 
> In the event that your claim is subject to the Employee Retirement Income Security Act of 1974 ("the Act"), you have the right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review. Your failure to request a review within 180 days of your receipt of this letter may constitute a failure to exhaust the administrative remedies available under the Act, and effect you [sic] ability to bring civil action under the Act.

(Id. Ex. 1 – Letter from Angelick B. Thomas, LTD Claims Department, Matrix, to Monte Watkins (June 29, 2015) [DN 1-2] 2–3.)

Watkins, however, did not appeal the denial of benefits to Reliance; rather, he filed this current action. Watkins alleges that, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, he is entitled to LTD benefits under the Plan, and that Defendants, acting in concert, have wrongfully denied him LTD benefits in violation of ERISA. (See Compl. [DN 1-2] Count I ¶¶ 22–23.) In addition to benefits, Watkins requests an injunction, fees and costs, and "any and all equitable relief" to which he is entitled. (Id. 6–7.)

On September 9, 2015, Matrix and Reliance (collectively "Moving Defendants") removed this action from the Jefferson County Circuit Court to this Court asserting federal question jurisdiction, 28 U.S.C. § 1331. According to the Notice of Removal, IES had not been served as of the date of filing the Notice of Removal, and therefore the consent of IES was not required for removal of this action. (See Removal Notice [DN 1] ¶ 3.) Moving Defendants have now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Watkins's Complaint must be dismissed as to them because Watkins failed to exhaust his administrative remedies and (2) the dismissal should be with prejudice because based on the allegations in the Complaint, no coverage exists.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," id., and determine whether the "complaint states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

3

Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," id. at 678 (quoting Twombly, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," id. at 679. Instead, the allegations must "show[] that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Moving Defendants argue that Watkins's Complaint should be dismissed because Watkins failed to extinguish his administrative remedies that were specifically provided in the June 29, 2015 letter denying his claim for LTD benefits. (Compl. Ex. 1 – Letter from Angelick B. Thomas, LTD Claims Department, Matrix, to Monte Watkins (June 29, 2015) [DN 1-2] 2–3.)

In the Sixth Circuit, ERISA plan beneficiaries must exhaust administrative remedies prior to bringing suit for recovery on an individual claim. Watkins states that, "[a]s a preliminary matter the requirement that the ERISA statute requires a claimant to exhaust administrative remedy is a myth." (Pl.'s Resp. to Moving Defs.' Mot. Dismiss [DN 7] 2.) However, the Sixth Circuit and various other circuits "ha[ve] held that, though ERISA does not explicitly require exhaustion of administrative remedies, '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994) (quoting Miller v. Metro.

Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)); see also 29 U.S.C. § 1133(2). Thus, Watkins, as an ERISA plan beneficiary, was required to exhaust administrative remedies prior to bringing this suit. Costantino, 13 F.3d at 974. Watkins does not dispute that he did not administratively appeal the denial of his claim. Instead, Watkins appears to argue that such an appeal would have been futile and thus exhaustion should not be required. Watkins contends that "[s]ince the only issue involves a technicality in [his] work history before the onset of his disability[,] there is no requirement that [he] exhaust administrative remedy as such a course is nothing more than an exercise in futility." (Pl.'s Resp. [DN 7] 2.)

A party need not exhaust a benefit plan's administrative remedies before filing an ERISA claim in federal court for individual benefits when "resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." Id. "A plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" Id. (quoting Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996); citing Commc'ns Workers of Am. v. AT&T, 40 F.3d 426, 432 (D.C. Cir. 1994)). The issue, therefore, is whether Watkins has made a clear and positive indication of futility, such that it is certain that his claim will be denied on appeal. The Court finds he has not made such a showing.

Watkins contends, citing Richards v. Gen. Motors Corp, 991 F.2d 1227, 1235 (6th Cir. 1993), that the Sixth Circuit requires "exhaustion but only in terms that the remedy exhaustion is necessary so that the plan administrator may consider additional medical evidence or independent examinations." (Pl.'s Resp. [DN 7] 3.) As "[t]here was no medical review,"

5

"[t]here is no new medical evidence," and "[t]here is no new independent medical examination," Watkins argues that exhaustion is not necessary here. Watkins further argues that it would be futile to exhaust his administrative remedies because "the whole point of administrative review is that there is an anticipation the fortunes of the claimant or plan payee may change" and here, the denial of the claim was for a "work time technicality," which "will never change, as it is axiomatic, the past cannot be changed in this universe." (Pl.'s Resp. [DN 7] 3.)

First, Watkins's reliance on Richards is misplaced. Nothing in Richards stands for the proposition for which Watkins cites it and indeed, the case is inapposite. See Richards, 991 F.2d at 1235–36. Second, generally speaking, the Sixth Circuit has "applied the administrative-futility doctrine in two scenarios: (1) when the 'Plaintiffs' suit [is] directed to the legality of [the plan], not to a mere interpretation of it,' Costantino v. TRW, Inc., 13 F.3d 969, 975 (6th Cir. 1994) (emphases omitted); see also Fallick, 162 F.3d at 420, and (2) when the defendant 'lacks the authority to institute the [decision] sought by Plaintiffs,' Hill v. Blue Cross & Blue Shield of Mich., 409 F.3d 710, 719 (6th Cir. 2005) [(finding exhaustion futile for plaintiff's fiduciary-duty claims under § 502(a)(3) because the claim was for "plan-wide injunctive relief, not [for] individual-benefit payments")]." Dozier v. Sun Life Assur. Co. of Canada, 466 F.3d 532, 535 (6th Cir. 2006). Neither of those two scenarios appears to be present here. Unlike the plaintiff in Costantino, Watkins does not attack the legality or the constitutionality of the Plan, but rather seeks benefits under it. "This is therefore the sort of argument best posed in the first instance to the Plan Administrator, not to [this Court]." Garrett v. Hewitt Assocs., LLC, No. 3:09CV1214, 2010 WL 2342496, *3 (N.D. Ohio June 9, 2010) (citing Costantino, 13 F.3d at 975). Nor does Watkins contend that Reliance lacks the authority to institute coverage. According to Watkins's brief, he "brought the present action seeking the coverage or, at bare minimum, a full plan

6

administrator review of the medical documentation and a rendered decision as to whether the restrictions and limitations placed on [him] would afford him wage replacement coverage under the plan." (Pl.'s Resp. [DN 7] 2.) The review Watkins seeks is precisely the function of Reliance during the administrative appeal.

Watkins's suggestion that seeking further administrative review of his claim would not produce a different result because the initial claim decision by Matrix was based on a "work time technicality" is not enough to invoke futility in this case. See Beamon v. Assurant Emp. Benefits, 917 F. Supp. 2d 662, 667 (W.D. Mich. 2013) (rejecting plaintiff's argument that his attempts at resolving his claim with defendants for several years without success showed futility, stating that "[e]ven strong doubts . . . are not enough [to] invoke futility"). "A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 505 (6th Cir. 2004). Further, Watkins does not consider that a different decision-making body would address his administrative appeal. See Beamon, 917 F. Supp. 2d at 668 ("Plaintiff does not argue that an appeal would be reviewed by the same person that denied his initial appeal or that he has any reason to believe that a second-level appeal would not receive an independent review."); Simpson v. Am. Elec. Power Serv. Corp., No. 2:05-CV-852, 2006 WL 2128937, at *3 (S.D. Ohio July 27, 2006).

Further, requiring Watkins to exhaust Reliance's formal administrative appeals process would further the policies served by exhaustion. In Costantino, the court lists eight purposes served by the requirement to exhaust administrative remedies. Costantino, 13 F.2d at 975 (citing Makar v. Health Care Corp. of Mid-Atlantic (CareFirst), 872 F.2d 80, 83 (4th Cir. 1989)) (listing the purposes of requiring exhaustion of remedies as: "(1) To help reduce the number of frivolous

7

law-suits under ERISA. (2) To promote the consistent treatment of claims for benefits. (3) To provide a nonadversarial method of claims settlement. (4) To minimize the costs of claims settlement for all concerned. (5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes. (6) To enhance the ability of trustees of benefit plans to correct their errors. (7) To enhance the ability of trustees of benefit plans to interpret plan provisions. (8) To help assemble a factual record which will assist a court in reviewing the fiduciaries' actions."). One of those purposes is "[t]o help assemble a factual record which will assist a court in reviewing the fiduciaries' actions." Costantino, 13 F.3d at 975; see also Hill, 409 F.3d at 723 ("Given the fact-intensive nature of Plaintiffs' claims for individual benefits, requiring exhaustion of these claims would best promote judicial efficiency by allowing [defendant], who has more experience in interpreting the Program documents, to make an initial coverage decision and to enable the creation of an administrative record which can then be reviewed by the courts should Plaintiffs still dispute the resolution of their claims."). The court in Costantino relied in part on the fullness of the administrative record in finding exhaustion not required. Here, the record before the Court is spotty at best. Importantly, the plan document is not part of the record. Therefore, the Court cannot comment on the validity of Watkins's claims at this stage. There is nothing before the Court regarding Watkins's allegations regarding the scheduling of hours by IES, there is only the "Employee Earnings History Summary Reports" attached to the Complaint, (see Compl. Ex. 2 [DN 1-2]). Indeed, IES, Watkins's employer, has not yet been served. Further, it is unclear who is an ERISA fiduciary with respect to the plan. The record here seems glaringly undeveloped. See Garrett, 2010 WL 2342496, at *3–4. "Because development of the factual record is one of the key motivations for the exhaustion requirement,

Costantino, 13 F.3d at 975, this underdevelopment also militates against finding exhaustion futile." Id. at *4.

For the reasons set forth above, the Court concludes that Watkins has not met his burden of providing that the administrative appeals process would have been clearly futile.

Moving Defendants argue that Watkins's claims must be dismissed with prejudice as to them because based on the allegations in the Complaint, no coverage exists. The Court declines, at this time, to dismiss Watkins's claims with prejudice. The Court does not have the Plan document before it and furthermore, the time for Watkins to appeal the denial of his claim for LTD benefits appears to have not yet passed. Because the time for appeal from the denial of Watkins's claim for LTD benefits has not passed, the Court dismisses without prejudice Watkins' claims. See Hall v. Baptist Healthcare Sys., No. 3:07-CV-292, 2007 WL 4119035, at *1 (W.D. Ky. Nov. 14, 2007) ("Dismissal without prejudice is only appropriate whenever a claim for benefits can still be brought . . . ."); see also Ravencraft v. UNUM Life Ins. Co. of Am., 212 F.3d 341, 344 (6th Cir. 2000); Makar, 872 F.2d at 83 (where plaintiffs failed to exhaust their administrative remedies, but the deadline for a plan appeal had not yet run, court directed that the underlying ERISA claim be dismissed without prejudice "to allow the [plaintiffs] the opportunity to pursue their remedies under" the terms of their plan).

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Watkins's Complaint [DN 1-2] is **DISMISSED WITHOUT PREJUDICE**. Further, Moving Defendants' Motion to Dismiss [DN 6] is **DENIED as moot**.

*Joseph H. McKinley* (signature)

Joseph H. McKinley, Jr., Chief Judge
United States District Court

October 27, 2015

cc:   Counsel of Record

9